IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DOCTORS HOSPITAL OF LAREDO, LAREDO PHYSICIANS GROUP,<br>*Plaintiffs* | §<br>§<br>§<br>§ | SA-21-CV-01068-XR |
| -vs- | §<br>§ | |
| DR. RICARDO CIGARROA, CIGARROA HEART AND VASCULAR INSTITUTE,  LAREDO TEXAS HOSPITAL COMPANY,LP, D/B/A LAREDO MEDICAL CENTER;<br>*Defendants* | §<br>§<br>§ | |

## ORDER

On this date, the Court considered Defendant Dr. Ricardo Cigarroa's and Defendant Cigarroa Heart and Vascular Institute's (collectively the "Cigarroa Defendants") motion for leave to amend (ECF No. 121), Plaintiffs' response (ECF No. 124), and the Cigarroa Defendants' reply (ECF No. 128). After careful consideration, the Cout **GRANTS** the Cigarroa Defendants' motion (ECF No. 121) and will permit the Cigarroa Defendants to add their counterclaim.

## BACKGROUND

This antitrust case concerns the provision of interventional cardiology services in Laredo, Texas. Plaintiffs filed this suit in October 2021 against Defendants Dr. Ricardo Cigarroa, the Cigarroa Heart and Vascular Institute, and the Laredo Medical Center, asserting claims arising under §§ 1 and 2 of the Sherman Act as well as under state law. On January 18, 2022, Plaintiffs filed their first amended complaint. ECF No. 22. On September 9, 2022, the Cigarroa Defendants filed their answer to the first amended complaint. ECF No. 70.

Over a year later, on December 20, 2023, the Cigarroa Defendants now file a motion for leave to amend their answer. ECF No. 121. In short, the Cigarroa Defendants want to now add an

attempted monopolization counterclaim arising under § 2 of the Sherman Act, alleging Plaintiffs' suit is sham litigation based on what the Cigarroa Defendants contend are intentional misrepresentations in Plaintiffs' first amended complaint. *See id*. In response, however, Plaintiffs insist that the Court deny the Cigarroa Defendants' belated motion for leave to amend for various reasons. *See* ECF No. 124.

## LEGAL STANDARD

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings before trial. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave and provides that leave should be given "freely . . . when justice so requires." FED. R. CIV. P. 15(a). This motion, however, was filed *after* the expiration of the Court-ordered deadline to amend pleadings in the Scheduling Order, and granting the motion would require a modification of the Court's scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Consequently, the motion must be made pursuant to Rule 16(b)(4), which provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Thus, in evaluating a motion to amend pleadings filed after the Scheduling Order deadline, the Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Fahim*, 551 F.3d at 348. Only once good cause is shown do the more liberal standards of Rule 15(a) apply. *Id.*

In exercising its discretion under Rule 15(a), the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). Notably, however, there is a "presumption in favor of allowing pleading amendments." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004).

## ANALYSIS

### I.  *Rule 16(b) Balancing*

#### a.  *Explanation for Failure to Timely Move*

In general, a party must provide sufficient explanation for its failure to timely move to amend. *Hammond v. United States*, No. 1:21-CV-00686-DAE, 2023 WL 8113860, at *3 (W.D. Tex. June 6, 2023). Indeed, the movant must "show that the deadlines could not have reasonably been 'met despite the diligence of the party needing the extension.'" *Brinkley v. Timco Logistics Sys., LLC*, No. 3:22-CV-00098, 2023 WL 2586307, at *2 (S.D. Tex. Mar. 21, 2023) (quoting *Allergan, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-CV-1455, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017)).

Here, the Cigarroa Defendants point out—and Plaintiffs do not dispute—that the Cigarroa Defendants only learned of the information underlying their counterclaim after the October 20, 2022 amendment deadline set by the Court. ECF No. 121 at 7–8. Plaintiffs of course contend that much of this information was learned nearly a year before the Cigarroa Defendants' filed their current motion through the deposition of Dr. Marc Feldman on January 10, 2022,[1] and should not

---

[1] The parties agree that Dr. Feldman's deposition took place on January 10, 2022. *See* ECF No. 121 at 4; ECF No. 124 at 7.

be rewarded for their delay. *See* ECF No. 124 at 7–9. However, while the Cigarroa Defendants rely on the deposition of Dr. Feldman in justifying their new counterclaim, they also premise this new counterclaim on other pieces of the puzzle that fell into place as recently as November 2023. ECF No. 121 at 7–8. Accordingly, this factor weighs in favor of granting the Cigarroa Defendants' motion.

### b. *Importance of Amendment*

"Amendments are considered important when they 'potentially provide additional grounds for [a party] to recover' or 'directly affect [a party's] prospects of ultimate recovery.'" *Hammond*, 2023 WL 8113860, at *3 (quoting *AFS Logistics, LLC v. Tetria Glob. Logistics*, No. 4:21-CV-01086, 2022 WL 3904697, *2 (N.D. Tex. May 11, 2022)). Here, the Cigarroa Defendants new counterclaim provides them with a new ground for recovery. Moreover, should the Cigarroa Defendants allegations be proven true, Plaintiffs would succeed on their underlying goal of burdening their competitors through the litigation with little risk if the Court were to deny the Cigarroa Defendants' motion. Accordingly, this factor weighs in favor of granting the Cigarroa Defendants' motion.

### c. *Prejudice*

"The potential prejudice of a proposed amendment depends on whether it '(1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case.'" *Hammond*, 2023 WL 8113860, at *4 (quoting *SBN V FNBC, LLC v. Damon J. Baldone*, No. 22-2853, 2023 WL 2731706, at *2 (E.D. La. Feb. 8, 2023)).

Here, the prejudice to Plaintiffs is minimal. To start, it does not appear that this amendment would "fundamentally alter the nature of this case." *Mayeaux*, 376 F.3d at 427. Moreover, it appears that Defendant seeks to propose an alternative theory that premises recovery on the same

universe of operative facts—any discovery necessary for this new counterclaim substantially overlaps with affirmative defenses already pled in this cause of action. *See* ECF No. 71 at 34; ECF No. 121 at 9–10. Of course, as Plaintiffs argue, additional discovery may be needed. But this new counterclaim is hardly tantamount to a "restart" of the litigation. *Brinkley v. Timco Logistics Sys.*, LLC, No. 3:22-CV-00098, 2023 WL 2586307, at *3 (S.D. Tex. Mar. 21, 2023). Accordingly, this factor weighs in favor of granting the Cigarroa Defendants' motion.

### d. *Availability of a Continuance*

The last factor in the Rule 16 analysis asks "whether a continuance for additional discovery would cure any potential prejudice in allowing the amendment." *Hammond v. United States*, 2023 WL 8113860, at *4. Here, Plaintiffs urge that granting the Cigarroa Defendants' motion might call into question the current trial setting. ECF No. 124 at 10–11. Though the Cigarroa Defendants argue there would be no need for a continuance in light of their new counterclaim, the Court is skeptical of that assertion. Nonetheless, a continuance could cure any prejudice to Plaintiffs by allowing them time to conduct discovery on this new counterclaim. However, given that courts generally disfavor delaying trial, *see, e.g.*, *Prevmed, Inc. v. MNM-1997, Inc.*, No. CV H-15-2856, 2016 WL 3773399, at *10 (S.D. Tex. July 8, 2016), the Court finds this factor weighs slightly in favor of denying the Cigarroa Defendants' motion. Nonetheless, after balancing the Rule 16(b) factors, the Court finds good cause for amendment.

## II.   Rule 15(a) Factors

Moving to the consideration of the Rule 15(a) factors, the Cigarroa Defendants argue this standard is easily met as they have not sought to previously amend deficiencies, they do not seek leave for this amendment in bad faith or for dilatory motives, and their amendment would not be futile. ECF No. 121 at 10. In response, Plaintiffs focus their arguments on futility, contending that

the Cigarroa Defendants' counterclaim fails to allege the necessary elements for their claim by failing to plead market share and fails to meet the high bar for establishing sham litigation. ECF No. 124 at 11–16.[2] The Court, however, finds Plaintiffs' arguments unpersuasive.

To start, though Plaintiffs fault the Cigarroa Defendants for failing to provide a specific recitation of the market share, Plaintiffs fail to recognize that the Cigarroa Defendants' counterclaim asserts in essence the same allegations of market share espoused by Plaintiffs in their first amended complaint. *Compare* ECF No. 22 ¶ 110 *with* ECF No. 121-1 ¶¶ 53–54; *see also* ECF No. 128 at 17–20.

In addition, while Plaintiffs argue that the Cigarroa Defendants cannot avoid the immunity offered by the *Noer-Pennington* doctrine, the Cigarroa Defendants point out at the very least that claims similar to theirs have been allowed to proceed where the crux of a defendant's allegations is that a plaintiff made intentional representations to the Court in order to sustain a sham lawsuit. *See Ekorus, Inc. v. Elohim EPF USA, Inc.*, No. CV 20-310-GW-GJSX, 2020 WL 3891449, at *7 (C.D. Cal. Apr. 24, 2020); *see also Mercatus Grp., LLC v. Lake Forest Hosp.*, 641 F.3d 834, 843 (7th Cir. 2011); *Baltimore Scrap Corp. v. David J. Joseph Co.*, 237 F.3d 394, 402 (4th Cir. 2001); *Kottle v. Nw. Kidney Centers*, 146 F.3d 1056, 1060 (9th Cir. 1998). Accordingly, the Court holds that the Cigarroa Defendants' amendment would not be futile.

Upon consideration of the other Rule 15(a) factors, the Court finds they, on balance, favor granting leave to amend.

---

[2] Plaintiffs also assert that the Cigarroa Defendants lack standing to assert a claim on any other allegations beyond those of sham litigation. ECF Ni. 124 at 15. However, as the Cigarroa Defendants explain, this standing argument is superfluous as the Cigarroa Defendants' sham litigation claim "is the only claim for which Dr. Cigarroa is seeking relief." ECF No. 128 at 21.

## CONCLUSION

For the foregoing reasons, the Cigarroa Defendants motion for leave to amend (ECF No. 121) is **GRANTED**. The Clerk is **DIRECTED** to file the Cigarroa Defendants' counterclaim, attached as Exhibit A to their motion for leave to amend (ECF No. 121-1).

It is so **ORDERED**.

**SIGNED** this 22nd day of January, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE